**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO PEREZ-OROZCO,<br>Petitioner,<br>v.<br>WARDEN DESERT VIEW FACILITY, et al.,<br>Respondents. | Case No. 5:26-cv-06232-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Sergio Perez-Orozco, a native and citizen of Mexico, is currently in the custody of the Department of Homeland Security ("DHS") at the Desert View Facility in Adelanto, California. Mr. Perez-Orozco entered the United States without inspection in October 2002 and has lived in the United States continuously since that time. During his decades in the United States, Mr. Perez-Orozco, a widower, has resided in Southern California, maintained close family ties with his mother and sister, and operated a small landscaping and gardening business.

On August 30, 2026, immigration authorities surrounded Mr. Perez-

Orozco's vehicle while he was parked at a car wash, asked him about his immigration status, and took him into custody. DHS commenced removal proceedings the following day. In this habeas action, Mr. Perez-Orozco challenges his continued detention under the Fourth Amendment, Fifth Amendment, and the Immigration and Nationality Act. In their Answer, Respondents claim that Mr. Perez-Orozco is eligible for a bond hearing under 8 U.S.C. § 1226(a), but do not address Mr. Perez-Orozco's claims to release.

In light of Respondents' non-opposition, the Court concludes that Petitioner's ongoing detention is unlawful and he is entitled to release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Sergio Perez-Orozco is a 57-year-old native and citizen of Mexico. Dkt. 1 at 6. He entered the United States without inspection in October 2002 and has resided continuously in the United States for 24 years. *Id.* at 7. Before the arrest challenged in this Petition, he had never been detained by ICE or the United States Border Patrol and had never been placed in immigration court proceedings. *Id.* Petitioner had been renting a room in Victorville, California, for approximately four years prior to his arrest. *Id.*

Petitioner supported himself by operating a small landscaping and gardening business. *Id.* at 8. He also has substantial family connections in the United States. *Id.* His mother is a United States citizen, and his sister is a lawful permanent resident. *Id.* They both reside in Northern California. *Id.*

On August 30, 2026, ICE Enforcement and Removal Operations officers conducted a targeted enforcement operation in Victorville. *Id.* According to the Government's Form I-213, the operation was targeting someone other than Petitioner. *Id.* On the morning of August 30, Petitioner drove his work truck

to a car wash in Victorville. *Id.* at 9. Four officers, some in tactical gear, exited a white SUV and approached Petitioner while he sat in his parked truck. *Id.* One officer knocked on Petitioner's window. *Id.* Petitioner partially lowered it and asked why the officers were stopping him. *Id.* The officers did not initially tell Petitioner they suspected him of any immigration violation. *Id.* Instead, an officer displayed a small color photograph of a man whom Petitioner did not recognize. *Id.* The officer asked Petitioner whether he was the person depicted or knew the person depicted. *Id.* Petitioner answered that he was not that person and did not know that person. *Id.*

The officers then requested Petitioner's identification. *Id.* Petitioner complied and provided his driver's license. *Id.* After reviewing Petitioner's identification, the officers asked him whether he was a United States citizen or lawful permanent resident. *Id.* Petitioner answered that he was neither and identified himself as Mexican. *Id.* The officers then directed Petitioner to exit his truck. *Id.* at 10. He complied. *Id.* The officers placed him in handcuffs. *Id.* Before taking Petitioner into custody, the officers did not show him an administrative or judicial arrest warrant. *Id.* Following his arrest, Petitioner was transported to immigration detention in Adelanto, California. *Id.* He remains confined at the Desert View Facility. *Id.*

On August 31, 2026, DHS issued a Notice to Appear charging Petitioner under INA § 212(a)(6)(A)(i); 8 U.S.C. § 1182(a)(6)(A)(i), based on his alleged presence in the United States without admission or parole. *Id.* at 12. The Immigration Court issued a notice scheduling a master hearing for October 13, 2026, but as of the filing of the Petition, Petitioner did not have a future hearing date. *Id.* at 12-13. Petitioner acknowledges that he has not requested a bond hearing before an Immigration Judge. *Id.* at 15.

On October 21, 2026, Petitioner filed the instant habeas petition

alleging violations of the Fourth Amendment, Fifth Amendment, and INA. *Id.* at 19-27. Among other relief, Petitioner requests the Court order his immediate release or, alternatively, a prompt and constitutionally adequate custody hearing. *Id.* at 27-28.

On October 29, 2026, Respondents filed their response, arguing that Petitioner "appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026)," is "properly detained pending such potential bond proceedings," and has not exhausted his administrative remedies. Dkt. 8 at 2. Petitioner filed his Reply on the same date, reiterating that immediate release is the appropriate remedy in this case. Dkt. 9.

## II. DISCUSSION

Petitioner argues that he is entitled to release on the following grounds: (1) he was arrested without a warrant or a determination that he was likely to escape, in violation of 8 U.S.C. § 1226(a), 8 U.S.C. § 1357(a)(2), and the statutes' implementing regulations; (2) he was detained without reasonable suspicion, in violation of the Fourth Amendment and 8 C.F.R. § 287.8(b)(2); (3) he was detained without an initial custody determination, in violation of 8 U.S.C. § 1226(a) and its implementing regulations; (4) he has been unlawfully subject to detention under the putative authority of 8 U.S.C. § 1225(b), rather than 8 U.S.C. § 1226(a); and (5) his ongoing detention without adequate procedural safeguards violates due process. Dkt. 1 at 19-27.

In their Answer, Respondents do not address Petitioner's claims. Instead, Respondents argue that Petitioner is "properly detained" because "this is Petitioner's first detention following entry without inspection, and he was not previously released immigration detention or paroled since entering."

Dkt. 8 at 2. But Petitioner does not argue that he is entitled to release because he was previously released from immigration custody. Rather, he acknowledges that this is his first contact with immigration authorities but argues that he is entitled to release because, *inter alia*, his arrest and detention violated the Fourth Amendment and due process. Respondents' Answer does not address these constitutional claims or Petitioner's extensive arguments and authority cited in support.

Respondents' failure to address Petitioner's claims is a concession. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). Accordingly, the Court finds that Petitioner is entitled to habeas relief on his uncontested constitutional claims. *See Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB,

2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

Respondents suggest that Petitioner has "an adequate remedy for their complaint of unjustified detention" because he could request a bond hearing in Immigration Court under Section 1226(a) but has not yet "properly exhausted their administrative remedies." Dkt. 8 at 2-3. While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 1000 (internal quotations and citations omitted).

In the Petition, Petitioner acknowledged that he had not yet requested a bond hearing, but argued that exhaustion should be waived because an Immigration Court bond hearing could not address the legality of his arrest

and would result in irreparable injury by prolonging his illegal detention. Dkt. 1 at 15-16. As with the merits of Petitioner's arguments, Respondents do not address Petitioner's claim that exhaustion should be waived. Regardless, the Court agrees with Petitioner that exhaustion should not be required in this case. Petitioner argues that he is entitled to release because his arrest and detention violate the Fourth Amendment and due process. The immigration courts would not consider such a claim because they do "not have jurisdiction to determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006); *In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). Because raising Petitioner's constitutional challenges would be "futile" in the immigration courts, the Court finds that a waiver of exhaustion is warranted. *Laing*, 370 F.3d at 998.

In sum, the Court concludes that Petitioner has shown that his arrest and detention is unconstitutional and that the appropriate remedy for these violations is his immediate release.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Sergio Perez-Orozco's (A# 248-004-711) release from Respondents' custody and prohibiting his re-detention absent a hearing before a neutral decisionmaker at which the Government must show changed circumstances warranting his re-detention; and (3) that Respondents file a status report within three (3) calendar days from the date of this order confirming compliance with this order.

Dated: October 30, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE